IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Indianola Resources, LLC, and<br>(2) B and G Resources LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>(1) Calyx Energy III, LLC<br><br>Defendant. | Case No. 21-CV-235-RAW |

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Indianola Resources, LLC ("Indianola") and B and G Resources LLC ("B&G") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this First Amended Class Action Complaint against Calyx Energy III, LLC ("Calyx" or "Defendant"), and allege and state the following.

**SUMMARY OF ACTION**

1.  This class action concerns Defendant's willful and ongoing violations of Oklahoma law related to the payment of oil-and-gas production proceeds to those entitled to the proceeds.

2.  Oklahoma's Production Revenue Standards Act ("PRSA") requires holders of proceeds, like Defendant here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D).

3.  The PRSA imposes automatic interest on late payments. Compliance with the PRSA is not optional, and the statute contains no demand requirement before an owner is entitled to statutory interest.

4.  Defendant knows it is bound by statute to pay interest on late payments, but it has consistently ignored these obligations and blatantly violated Oklahoma law.

5.  Defendant does not automatically pay interest on all late payments. Instead, upon information and belief, it only pays interest to owners who demand it.

6.  For these reasons, Plaintiffs file this class action against Defendant to obtain relief for themselves and all similarly situated owners who received late payments for which Defendant did not pay interest as required by the PRSA.

7.  Plaintiffs file this class action against Defendant for breach of its statutory obligation to pay interest.

## PARTIES

8.  Indianola is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

9.  Indianola owns interests in oil-and-gas property for which Defendant owed a duty under Oklahoma law to timely remit proceeds to Indianola.

10. B&G is an Oklahoma limited liability company with its principal place of business in Blanchard, Oklahoma.

11. B&G owns interests in oil-and-gas property for which Defendant owed a duty under Oklahoma law to timely remit proceeds to B&G.

12. Calyx is a Delaware limited liability company with its principal place of business located in Tulsa, Oklahoma. Calyx may be served with process by serving its registered agent: The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

13. Calyx is in the business of producing oil-and-gas and constituent products from the oil-and-gas properties in which the Class Members hold interests and Calyx further remits proceeds to Class Members.

14. At all times relevant to the claims asserted in this First Amended Class Action Complaint, Calyx was obligated to pay oil-and-gas proceeds to Plaintiffs and the putative class.

## JURISDICTION & VENUE

15. The preceding allegations are fully incorporated by reference.

16. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Defendant are citizens of different states.

17. This Court has personal jurisdiction over Calyx because it has minimum contacts with this District related to the claims in this case.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District.

## FACTUAL ALLEGATIONS

19. The preceding allegations are fully incorporated by reference.

20. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

21. When a holder of proceeds fails to pay oil-and-gas proceeds within those timelines (*i.e.*, when the holder makes a late payment), the holder automatically owes interest on the late payment. *See id*. § 570.10(D)(1)–(2).

22. Despite this clear statutory obligation, Defendant does not automatically pay interest on all late payments. Instead, upon information and belief, Defendant only pays statutory interest to owners who demand it, even though the statute contains no such demand requirement.

23. For example, in June 2021, Defendant remitted untimely proceeds to Indianola for oil-and-gas produced in Hughes County, Oklahoma, and Defendant failed to pay Indianola interest under the PRSA.

24. Similarly, in November 2021, Defendant remitted untimely proceeds to B&G for oil-and-gas produced in Hughes County, Oklahoma, and Defendant failed to pay B&G interest under the PRSA.

25. Though Defendant remitted proceeds for Plaintiffs' benefit beyond the timeline permitted under the PRSA, Defendant hasn't paid the statutory interest owed to Plaintiffs on these late payments.

## CLASS ACTION ALLEGATIONS

26. The preceding allegations are fully incorporated by reference.

27. Plaintiffs bring this action on behalf of themselves and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who: (1) received late payments under the PRSA from Calyx (or Calyx's designee) for oil-and-gas proceeds from Oklahoma wells, or whose proceeds were sent as unclaimed property to a government entity by Calyx; and (2) whose proceeds did not include the statutory interest required by the PRSA.
>
> Excluded from the Class are: (1) Calyx, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma.

28. Upon information and belief, absent Class members entitled to interest owing on Defendant's late payments number in the thousands. For example, Calyx operates over 200 wells in Oklahoma. Thus, the Class is so numerous that joinder of all members is impracticable.

29. The questions of fact and law common to the Class include:

   a. Whether Plaintiffs and the Class own legal interests in the Oklahoma properties upon which Defendant has an obligation to pay oil-and-gas proceeds;

   b. Whether, under Oklahoma law, Defendant owed interest to Plaintiffs and the Class on any late payments under the PRSA;

   c. Whether Defendant's failure to pay interest to Plaintiffs and the Class on any late payments constitutes a violation of the PRSA;

   d. Whether Defendant is obligated to pay interest on future late payments under the PRSA.

30. Plaintiffs' claims are typical of the Class because each Class member's claims are identical.

31. Defendant treated Plaintiffs and the Class in the same way by failing to pay the required interest on late payments under the PRSA.

32. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict with the interests of the Class. Plaintiffs are represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

33. The averments of fact and questions of law in this First Amended Class Action Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiffs' knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought in this First Amended Class Action Complaint against Defendant relating to its failure to pay interest owing on the late payment of oil-and-gas proceeds as required by law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiffs and the Class members may never fully discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

35. The preceding allegations are incorporated by reference.

36. Plaintiffs bring this cause of action on behalf of themselves and the Class.

37. Plaintiffs and the Class were legally entitled to the payments of oil-and-gas proceeds from Defendant.

38. Section 570.10 of the PRSA requires Defendant to pay oil-and-gas proceeds according to the applicable statutory time periods.

39. The PRSA further requires Defendant to automatically pay interest when it makes payments outside of the applicable statutory time periods.

40. Defendant failed to timely pay oil-and-gas proceeds it owed to Plaintiffs and the Class.

41. In violation of the PRSA, when Defendant ultimately made its late payments to Plaintiffs and the Class, Defendant did not pay the interest required by the PRSA.

42. Defendant's failure to pay interest under the PRSA was knowing and intentional. Defendant is aware of its statutory obligations to automatically pay interest on late payments, but instead, upon information and belief, only pays interest when owners demand it.

43. Defendant's failure to pay interest it owes under the PRSA has caused Plaintiffs and the Class to suffer harm.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiffs demand a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs seek:

1. An order certifying and allowing this case to proceed as a class action with Plaintiffs as class representatives and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiffs and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendant's breaches and unlawful conduct, including, without limitation, the compounded interest on late payments as required by law;

3. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this First Amended Class Action Complaint;

5. An order requiring Defendant to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan@bradwil.com
ryan@bradwil.com

–and–

Brady L. Smith, OBA #30727
Brady Smith Law, PLLC
One Leadership Square, Suite 1320
211 N. Robinson
Oklahoma City, OK 73102
Telephone No.: (405) 293-3029
Brady@BLSmithLaw.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2022, a true and correct copy of the above and foregoing document was mailed via US mail to Defendant's registered agent at the following address:

The Corporation Company
1833 S. Morgan Road
Oklahoma City, Oklahoma 73128

*with a copy to:*

Mark Banner
Pamela Anderson
Hall Estill
320 South Boston Avenue
Suite 200
Tulsa, OK 74103-3706
mbanner@hallestill.com
panderson@hallestill.com

                                                    */s/ Reagan E. Bradford*
                                                    Reagan E. Bradford